NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

February 26, 2018

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 17-1055

| | |
|---|---|
| AYESHA KHAN, | Appeal from the United States |
| *Plaintiff-Appellant*, | District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 1:14-CV-09539 |
| MIDWESTERN UNIVERSITY, an Illinois not-for-profit corporation, | John Robert Blakey, |
| *Defendant-Appellee*. | *Judge*. |

**O R D E R**

Upon consideration of the Petition for Rehearing filed by Plaintiff-Appellant on February 7, 2018, this court's opinion of January 16, 2018, is amended as follows. In all other respects, all members of the original panel have voted to deny the petition for rehearing. Accordingly, in all other respects, the Petition for Rehearing is DENIED.

The opinion shall be amended as follows:

(1) New footnote at page 15 after the sentence, "It appears that Khan, perhaps having second thoughts about lobbing this new and wholly unsupported claim in a reply brief, scaled back the substance of the claim between the paper and electronic filing of the reply brief," as follows:

In the petition for rehearing en banc, Khan's attorney offers an innocent explanation for the changes between the electronic and paper filing of the brief. We accept the explanation that Khan's counsel inadvertently filed an earlier, less-edited version of the brief electronically and the final, edited version by mail. Nevertheless, the potential problems for the court remained. But for the chance discovery, the court would never have discovered the discrepancy.

(2) New footnote page 16, after "Our confidence was further eroded by multiple misrepresentations of the record," as follows:

Khan's petition for rehearing spends some time refuting this paragraph of the decision and arguing about the mathematical possibility that Khan might pass her second year curriculum. Throughout this case, this court spent an inordinate amount of time trying to determine when Khan allegedly requested which reasonable accommodations and then looking through course syllabi and transcripts to try to determine when she failed particular exams in each course and whether there might be a mathematical possibility that she could have passed any courses that made her eligible for dismissal. Such a pursuit was folly. Not only was it an impossible task given the record before it, but more importantly, it is not the role of an appellate court to dig through the record to formulate a theory to determine if there is any set of facts under which the plaintiff could survive a motion for summary judgment. That is the duty of the plaintiff. Yet in her opening and reply briefs, Khan argues only that she sought accommodations at some point—perhaps in late March (although she never specifically states when) and that some accommodations were granted (she does not tell us which ones or in which classes), and some were not. Khan never once asserts how the unsatisfied reasonable accommodations she requested would have allowed her to participate in the program or, more surprisingly, even that they would have allowed her to do so at all.